IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| **Mariam Alsharif,** ) | Civil Action No. 2:14-4438-SB-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Medical University of South Carolina,** ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action has been filed by the Plaintiff, a former employee of the Defendant, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981. Plaintiff alleges that she was discriminated and retaliated against on the basis of her race, religion and/or national origin. Plaintiff's first two Counts (Counts I and II) are asserted under Title VII, while her third and fourth Counts (Counts III and IV) are asserted under § 1981.

The Defendant filed a motion for judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P., on August 27, 2015. Plaintiff filed a response in opposition on September 28, 2015. On September 30, 2015, the Court held a conference with counsel for the parties, as a result of which that portion of the Defendant's motion for judgment on the pleadings with respect to Plaintiff's Title VII claims (Counts I and II) is now moot.[1]

---



[1]The Defendant was to file a motion on or before October 8, 2015 addressing the issue of
(continued...)

1

Defendant's motion for judgment on the pleadings with respect to Plaintiff's 1981 claims is still before the Court, and the Defendant filed a reply brief with respect to that issue only on October 8, 2015.

Defendant's motion is now before the Court for disposition.[2]

### Allegations of Amended Complaint

Plaintiff alleges that she is an American citizen who is a Muslim Palestinian of Arab ancestry. Plaintiff alleges she was employed by the Defendant as a pathologist beginning on or about June 25, 2008, a position for which she was qualified. Plaintiff alleges that she was the only employee of the Defendant of Palestinian national origin. Amended Complaint, ¶¶ 1, 4, 12-14.

Plaintiff alleges that during her period of employment with the Defendant, she was "micromanaged" by her supervisors. Plaintiff alleges that when she asked Dr. Janice Lage, Chair of the Pathology and Laboratory Medicine Department and Plaintiff's supervisor, why she was being treated in this manner, Dr. Lage referenced an "Arab physician who shot their colleagues in Ft. Hood, Texas". Plaintiff alleges this attitude evidenced a discriminatory animus towards Arabs/Muslims, and that Dr. Lage made this reference to her on "numerous occasions", showing that she believed an Arab American physician could not be trusted and could be an "eminent threat". Plaintiff further alleges that Dr. Lage subjected her to "rigorous psychological and profession[al]

---

[1](...continued)
discovery on Plaintiff's Title VII claims. That motion has now been filed, and will be addressed in a separate order of the Court.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

evaluations" because she is a Palestinian Muslim of Arab decent, while non-Arab/non-Muslim physicians at MUSC were not required to partake in such evaluations. Dr. Lage also often spoke to Plaintiff in a "condescending manner" and told Plaintiff that her views or opinions were out of the mainstream because she is a Palestinian Muslim. Id., ¶¶ 15(a) through (d).

Plaintiff further alleges that on another occasion Dr. John Lazarchick, an MUSC hematologist, asked Plaintiff about a potential hire. Plaintiff alleges that Dr. Lazarchick responded to her opinion by telling her that he was pleased with her viewpoints, and that if she [Plaintiff] would have said otherwise, he would have shot her. Lazarchick then asked an MUSC resident, Dr. Mokhtar Desouki, to show Plaintiff the "guns". Id., ¶ 15(e).

Plaintiff also alleges that another one of her supervisors, Dr. Tim Smith (Director of Anatomic Pathology), suggested to her that she could get out of jury duty by informing the attorneys that she was a Muslim, while on another occasion Dr. Smith criticized her because she was fasting for Ramadan. Dr. Smith also told Plaintiff that he believed the Koran is a "crude and crass book". Id., ¶ 15(f) through (h).

Plaintiff alleges that these were among the numerous incidents where she was subjected to anti-Arab and anti-Muslim bigotry at MUSC. Plaintiff alleges that she complained about this discrimination on "numerous occasions", but that nothing was done to rectify this discrimination and/or the hostile work environment she was experiencing. Plaintiff alleges that, instead, Dr. Lage indicated that she would take steps to terminate Plaintiff's employment and destroy her reputation by giving her a bad reference if Plaintiff did not immediately sign a resignation notice that MUSC had drafted. Plaintiff alleges that she had to sign this termination notice "under duress", and that she



3

was therefore forced to resign and was constructively discharged because of the Defendant's discriminatory and/or retaliatory conduct and because of her religion and/or national origin and/or ethnic characteristics. Plaintiff alleges that she was terminated and/or constructively discharged from her employment even though, during the duration of her employment, she received numerous excellent performance evaluations and reviews. Id., ¶ 15(i) through (m).

In her **Third Cause of Action,** Plaintiff asserts a claim for race/ancestry discrimination under § 1981. Plaintiff alleges that the actions of the "Defendant" as alleged in the Amended Complaint had the purpose and effect of denying Plaintiff the same right to make and enforce contracts as is enjoyed by white citizens, and that the conduct alleged was intentionally and purposefully done to Plaintiff because of her race/ancestry/ethnic characteristics, and resulted in a discriminatory hostile work environment and lost wages, all in violation of § 1981. Id., ¶¶ 47-48.

In her **Fourth Cause of Action**, Plaintiff alleges that she was unlawfully retaliated against on the basis of her race/ancestry in violation of § 1981. Plaintiff alleges that the acts of the Defendant, through its employees, violated her rights against retaliation under § 1981, which retaliation is implicitly proscribed by § 1981, for opposing what she reasonably believed to be discrimination based upon race/ancestry. Id., ¶ 58.

### Discussion

Defendant argues that it is entitled to judgment on the pleadings with respect to Plaintiff's § 1981 claims under Rule 12(c). This motion is considered under the same standard used to decide motions to dismiss under Rule 12(b). Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009). When considering a motion to dismiss pursuant to Rule 12(b), the



Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Here, after careful review and consideration of Plaintiff's allegations in conjunction with the applicable case law, the undersigned is constrained to agree with the Defendant that Plaintiff's § 1981 claims are subject to dismissal.

First, to the extent Plaintiff's § 1981 claims can be construed as "national origin" claims, § 1981 is not applicable to national origin claims. See Lee v. Sony BMG Music Entertainment, Inc., 557 F.Supp.2d 418, 424 (S.D.N.Y. 2008)["[N]ational origin-based discrimination claim brought under section 1981 [ ] dismissed with prejudice, because that statute does not cover national origin."]. Plaintiff's identification of herself as an "Arab", however, is sufficient to allow for a claim under § 1981. See Saint Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987)[Plaintiff may proceed under § 1981 if discrimination is based on the fact that he is Arab]; Fonseca v. Sysco Food Sevs. of Arizona, Inc., 374 F.3d 840 (9th Cir. 2004)[While national origin discrimination is not within ambit of § 1981, race has been defined broadly to cover immigrant ethnic groups.]; see also Topadzhilchan v. Glendale Police Dept., No. 10-387, 2010 WL 2740163, at * 5 (C.D.Cal. July 8, 2010) [Finding that Plaintiffs, as Armenian-Americans, were members of an ethnic minority for purposes of a § 1981 discrimination claim.].

However, while § 1981 might otherwise provide a basis for Plaintiff to pursue a claim based on her being an "Arab", the Defendant Medical University of South Carolina is an agency of

Bd
15

the State of South Carolina; see Medical Soc. of S.C. v. Medical Univ. of S.C., 513 S.E.2d 352, 357 (S.C. 1999); Tatum v. MUSC, 552 S.E.2d 18, 21 (S.C. 2001), abrogated on other grounds by Mendenall v. Anderson Hardwood Floors, LLC, 738 S.E.2d 251 (S.C. 2013); and there is no private right of action under § 1981 against public defendants. See Mann v. Winston Salem State University, No. 14-1054, 2015 WL 5336146 at * 4 (M.D.N.C. Sept. 14, 2015)[Plaintiff cannot bring cause of action under § 1981 against state agency]; Jenkins v. Medical University of South Carolina, No. 06-3151, 2008 WL 1733274, at * 3 (D.S.C. Apr. 14, 2008) [§ 1981 claims will lie against a state entity such as MUSC]; Cf. Chambers v. Medical University Hospital Authority, No. 11-261, 2011 WL 2559605, at * 2 (D.S.C. Jan. 28, 2011) [Finding that the "Defendant is entitled to dismissal of any claims being asserted under 42 U.S.C. § 1981, since, as a matter of law, there is no private right of action under the statute against public defendants"]; Newman v. South Carolina Dept. of Employment and Workforce, No. 10-942, 2010 WL 4791932, at * 1 (D.S.C. Sept. 22, 2010) [Claims brought pursuant to 42 U.S.C. § 1981 cannot lie against state agency or department], citing Jett v. Dallas Independent School Dist., 491 U.S. 701 (1989) [holding that alleged violations of § 1981 against state actors and government entities must be pursued exclusively under 42 U.S.C. § 1983[3]], adopted by 2010 WL 4666360 (D.S.C. Nov. 18, 2010).

While Plaintiff argues that the holding in Jett has been abrogated by the Civil Rights Act of 1991, applicable precedent in this Circuit holds to the contrary. See Dennis v. County of

---

[3]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).



Fairfax, 55 F.3d 131, 156, n. 1 (4th Cir. 1995) [As to the ruling that § 1983 is the exclusive remedy against a governmental actor for violations of § 1981, "[w]e do not believe this aspect of Jett was affected by the Civil Rights Act of 1991"] (internal quotations omitted); Karges v. Charleston County Sheriff's Office, No. 08-2163, 2010 WL 3270310, at * 12 (D.S.C. Aug. 17, 2010); cf. Ball v. City of Indianapolis, 760 F.3d 636, 643 (7th Cir. 2014). Therefore, the Defendant is entitled to dismissal of Plaintiff's Third and Fourth Causes of Action asserted under 1981.

Finally, during the conference between counsel and the Court on September 30, 2015, the possibility was raised of allowing Plaintiff to pursue her Third and Fourth Causes of Action under 42 U.S.C. § 1983 in the event the Court determined that her claims under 42 U.S.C. § 1981 were subject to dismissal. However, as a state agency, MUSC is not subject to suit for damages under § 1983, so at least at this point in the proceedings, Plaintiff has not named a proper party defendant for a § 1983 claim. Bates v. Foster, No. 14-2667, 20150 WL 5037982 at * 5 (D.S.C. Aug. 26, 205)[Eleventh Amendment protects state agencies sued in their official capacities from monetary damages under § 1983]; Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996)[Eleventh Amendment immunity protects state agencies and state actors sued in their official capacities against damages under § 1983]. Rather, in order to pursue her claims under § 1983, Plaintiff would need to amend her Complaint to name proper (and new) party Defendants. There is no motion to amend before the Court at this time.

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion to dismiss Plaintiff's claims (Count Numbers 3 and 4) as asserted under § 1981 be **granted**.

The parties are referred to the Notice Page attached hereto.



October  21 , 2015  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk  
> United States District Court  
> Post Office Box 835  
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

