IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Mariam Alsharif, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:14-4438-SB |
| v. ) | |
| ) | **ORDER** |
| Medical University of South Carolina, ) | |
| ) | |
| Defendant. ) | |



This matter is before the Court upon the Plaintiff's complaint filed pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e to 2000e-17) and 42 U.S.C. § 1981. The Plaintiff, who is a Muslim of Palestinian national origin and who was employed by the Defendant, alleges that she was discriminated against on the basis of her race, religion, and/or national origin. In her complaint, she asserts two claims under Title VII and two claims under section 1981.

The record contains the report and recommendation ("R&R") of United States Magistrate Judge Bristow Marchant, dated October 21, 2015, which was made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. In the R&R, the Magistrate Judge considered the Defendant's motion for judgment on the pleadings and ultimately recommended that the Court grant the Defendant's motion with respect to the Plaintiff's two claims asserted under section 1981.

First, the Magistrate Judge noted that although section 1981 does not apply to national origin claims, the Plaintiff's identification of herself as an "Arab" is sufficient to allow for a claim under section 1981. However, because the Defendant Medical University

of South Carolina is an agency of the state of South Carolina, and because there is no private right of action under section 1981 against public defendants, at least according to applicable Fourth Circuit precedent, the Magistrate Judge determined that the Defendant was entitled to dismissal of the Plaintiff's two causes of action under section 1981. In addition, the Magistrate Judge noted that the Defendant would not be subject to a suit for damages under section 1983 either; thus, in order for the Plaintiff to assert her claims under section 1983, she would need to amend her complaint to name a proper Defendant or Defendants. However, there was no motion to amend before the Magistrate Judge. Attached to the R&R was a notice advising the parties of the right to file written objections to the R&R within fourteen days of receiving a copy.

On November 4, 2015, the Plaintiff filed objections to the R&R, asserting that the Magistrate Judge erred in holding that there is no private right of action against public defendants under section 1981. In support, the Plaintiff relies on the Civil Rights Act of 1991, which she asserts overruled the United States Supreme Court's decision in Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 733 (1989). In Jett, the Court held that section 1983 provides the exclusive federal remedy against municipalities for violation of the civil rights guaranteed by section 1981, but the Plaintiff contends that Jett was overruled by Congress' enactment of the Civil Rights Act of 1991, which added the following provision to section 1981: "The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of state law." 42 U.S.C. § 1981(c). Thus, according to the Plaintiff, Congress made it clear in 1991 that section 1981 applies equally to both private and public employers.

The Defendant filed a response to the Plaintiff's objections, asserting that the

binding Fourth Circuit precedent relied on by the Magistrate Judge requires the Court to dismiss the Plaintiff's section 1981 claims. Specifically, the Defendant points to Dennis v. County of Fairfax, 55 F.3d 151 (4th Cir. 1995), and subsequent Fourth Circuit cases and cases from district courts within the Fourth Circuit, which all hold that section 1981 claims cannot be pursued against state agencies and that section 1983 is the exclusive federal remedy for a violation of the rights guaranteed in section 1981.



Here, after review, the Court agrees with the Defendant that the Fourth Circuit's binding precedent requires the Court to adopt the R&R and dismiss the Plaintiff's section 1981 claims. As the Magistrate Judge noted, in Dennis, a decision reached after the enactment of the Civil Rights Act of 1991, the Fourth Circuit relied on Jett in stating that "when suit is brought against a state actor, § 1983 is the 'exclusive federal remedy for violation of the rights guaranteed in § 1981.'" 55 F.3d 151, 156 (quoting Jett, 491 U.S. at 733). Likewise, subsequent unpublished Fourth Circuit decisions indicate that section 1983 is the exclusive remedy for violations of section 1981 by state actors. See Farmer v. Ramsay, 43 F. App'x 547, 553, n. 8 (4th Cir. 2002) (citing Dennis and stating that section 1983 is the exclusive remedy for violations of section 1981 by state actors); Lewis v. Robeson County, 63 F. App'x 134, 138 (4th Cir. 2003) ("In a suit brought against a state actor, Section 1983 is the exclusive federal remedy for a violation of the rights guaranteed in § 1981."). In her objections, the Plaintiff attempts to distinguish Farmer and Lewis by arguing that those cases involved claims against state or municipal entities and not government officials sued in their individual capacities. (See Entry 44 at 13.) However, as in Farmer (a case against the University of Maryland School of Medicine) and Lewis (a case against a government agency), this case involves claims against the Medical

3

University of South Carolina, a state entity, and not a government official sued in his or her individual capacity. Thus, the Plaintiff's attempt to distinguish the Fourth Circuit cases relied on by the Magistrate Judge is unavailing.

Ultimately, although the Plaintiff is correct that a number of other courts outside the Fourth Circuit have extended the ambit of section 1981 to state actors, this Court is bound to follow a decision by the Fourth Circuit Court of Appeals until it has been overruled by the Supreme Court or the Fourth Circuit en banc. See Chisolm v. TranSouth Fin. Corp., 95 F.3d 331, 337, n.7 ("Even were we to question the wisdom of the reliance requirement–as the appellants urge–we are bound to apply circuit precedent until it is either overruled *en banc* or superseded by a decision of the Supreme Court."). Here, as previously mentioned, the Fourth Circuit in Dennis plainly followed Jett post-enactment of the Civil Rights Act of 1991 and stated that in an action against a state actor, section 1983 is the exclusive remedy for violations of the rights guaranteed by section 1981. See 55 F.3d at 156, n. 1 ("We do not believe that this aspect of Jett was affected by the Civil Rights Act of 1991, which added subsection (c) to § 1981.") Therefore, the Court agrees with the Magistrate Judge that the Plaintiff's section 1981 claims against the Medical University of South Carolina–a state actor–are subject to dismissal. Moreover, as the Magistrate Judge determined, the named Defendant is not subject to suit for damages under section 1983, and, in order to pursue her claims under section 1983, the Plaintiff would need to amend her complaint, but she has not requested permission to do so at this time.



Based on the foregoing, it is hereby

**ORDERED** that the Magistrate Judge's R&R (Entry 39) is adopted; the Plaintiff's objections (Entry 44) are overruled; and the Defendant's motion for judgment on the

4

pleadings (Entry 25) is granted insofar as the Plaintiff's section 1981 claims (counts III and IV of her amended complaint) are dismissed.

**AND IT IS SO ORDERED.**

*[signature]*
Sol Blatt, Jr.
Senior United States District Judge

January 21, 2016
Charleston, South Carolina